UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TANYA SHANAHAN, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>7-ELEVEN INC., a Foreign Profit Corporation, and DOES 1-10, inclusive,<br><br>　　　　　　Defendant. | Case No. _____<br><br>**NOTICE OF REMOVAL** |

TO:　　　　THE CLERK OF THE COURT

AND TO:　　PLAINTIFF THROUGH HIS COUNSEL OF RECORD

**PLEASE TAKE NOTICE** that, for the reasons set forth below, Defendant 7-Eleven, Inc. ("Defendant" or "7-Eleven"), through its undersigned counsel, hereby removes the above-captioned action from the Superior Court of the State of Washington in and for the County of Clark to the United States District Court for the Western District of Washington. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332(d), 1441(b), and 1446 and Western District of Washington Civil Rule 101. In support of its removal of this action, Defendant states as follows:

**BACKGROUND**

1.　　On or about June 3, 2022, Plaintiff Tanya Shanahan filed this lawsuit in the Superior Court of the State of Washington in and for the County of Clark, Case No. 22-2-01351-

NOTICE OF REMOVAL - 1

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue, Ste. 3000
Seattle, WA 98104
(206) 946-4910

06 against Defendant 7-Eleven Inc. A copy of Plaintiff's state court complaint (the "Complaint") is attached hereto as **Exhibit A**.

2. The Complaint alleges two causes of action on an individual behalf and on behalf of a putative class of current and former employees: (1) implied cause of action pursuant to RCW 49.12 for failure to compensate for missed meal periods; and (2) double damages for willful and intentional withholding of wages pursuant to RCW 49.52.050, 070 flowing from the first cause of action.

## REMOVAL OF THIS ACTION IS APPROPRIATE UNDER CAFA

3. This Court has original jurisdiction of this action under the Class Action Fairness Act ("CAFA"), codified in pertinent part at 28 U.S.C. section 1332(d)(2). CAFA grants federal courts original jurisdiction over, and permits removal of, class actions in which: (1) any member of a class of plaintiffs is a citizen of a state different from any defendant, thus establishing "minimal diversity"; (2) the aggregate number of proposed plaintiffs is 100 or more; (3) the primary defendants are not States, State officials, or other governmental entities; and (4) the aggregate amount in controversy of all of the putative class members' claims exceeds $5,000,000. *See* 28 U.S.C. § 1332(d). As set forth below, this putative class action is removable under CAFA.

**A. VENUE IS APPROPRIATE**

4. Venue lies in the United States District Court for the Western District of Washington pursuant to 28 U.S.C. sections 1441, 1446(a), and 84(a). This action originally was brought in the Superior Court of the State of Washington in and for the County of Clark, which is located within the Western District. Therefore, the action is properly removed to this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

NOTICE OF REMOVAL - 2

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue, Ste. 3000
Seattle, WA 98104
(206) 946-4910

84579532v.1

**B.     THE TIMELINESS OF REMOVAL**

5.     On June 6, 2022, 7-Eleven was served with the Summons and Complaint filed by Plaintiff, through its registered agent for service of process. (Declaration of Mark Tucker, filed in Support of Notice of Removal ("*Tucker Decl.*") at ¶ 5.) A true and correct copy of the Notice of Service of Process, showing a June 6, 2022 service date is attached hereto as **Exhibit C**. This Notice of Removal is filed within thirty days of service of process on 7-Eleven and is therefore timely under 28 U.S.C. § 1446.

6.     In addition, pursuant to CAFA, 7-Eleven does need not obtain the consent of any other defendant to remove this action. *See* 28 U.S.C. § 1453(b). In fact, there are no other defendants.

**C.     THE PARTIES ARE SUFFICIENTLY DIVERSE**

7.     CAFA requires only minimal diversity for the purpose of establishing federal jurisdiction; at least one purported class member must be a citizen of a state different from any named defendant. 28 U.S.C. § 1332(d)(2)(A). Here, such minimal diversity exists among the parties. Plaintiff is a citizen of a state (Washington State) different from that of 7-Eleven (Texas).

8.     **Plaintiff's Citizenship:** For purposes of determining diversity, a person is a "citizen" of the state in which they are domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983) ("To show state citizenship for diversity purposes under federal common law a party must . . . be domiciled in the state"). Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("the place of residence is *prima facie* the domicile."). Domicile for purposes of diversity is determined as of the time the lawsuit is filed. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).

9.     Plaintiff alleges she was a resident of the State of Washington at all relevant times. (Compl. at ¶ 4.) Plaintiff also seeks to represent a class of current and former employees who reside in the State of Washington. (*Id.* at ¶ 16.)

NOTICE OF REMOVAL - 3

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue, Ste. 3000
Seattle, WA 98104
(206) 946-4910

84579532v.1

10. Based on Defendant's records, throughout the period of her employment, Plaintiff has provided 7-Eleven a home address located in the State of Washington, and thus was a resident of the State of Washington. (Tucker Decl. at ¶ 9.)

11. **7-Eleven's Citizenship:** For diversity purposes, a corporation is deemed to be a citizen of the state in which it has been incorporated and the state where it has a principal place of business. 28 U.S.C. § 1332(d)(1).

12. Plaintiff names 7-Eleven as the defendant to this action, and correctly alleges that 7-Eleven is a "foreign corporation," and is headquartered in Irving, Texas. (Compl. at ¶ 5.)

13. At the time of the filing of this action, and at all relevant times, 7-Eleven has been a citizen of a state other than Washington within the meaning of 28 U.S.C. section 1332. (Tucker Decl., ¶¶ 6-7) 7-Eleven is now, and ever since this action commenced has been, incorporated under the laws of the State of Texas, and therefore, is a citizen of the State of Texas. (*Id.*) 7-Eleven's principal place of business and corporate headquarters are located in Irving, Texas. (*Id.* at ¶ 7.) The leadership of 7-Eleven and major executive and administrative operations for 7-Eleven are found in Irving, Texas, which is where the Company's core leadership has their offices and spend most of their working time. (*Id.*) Accordingly, 7-Eleven has been, at all relevant times, a citizen of the State of Texas. *See Hertz Corp.*, 559 U.S. at 92. 7-Eleven is not now, and was not at the time of the filing of the Complaint, a citizen of the State of Washington.

14. Because Plaintiff is a resident of Washington, and 7-Eleven is a citizen of Texas, the minimal diversity requirement under CAFA is satisfied.

**D.    THIS ACTION INVOLVES 100 OR MORE PUTATIVE CLASS MEMBERS**

15. "[U]nder CAFA, the jurisdictional allegations in the complaint can be taken as a sufficient basis, on their own, to resolve questions of jurisdiction where no party challenges the allegations." *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013).

NOTICE OF REMOVAL - 4

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue, Ste. 3000
Seattle, WA 98104
(206) 946-4910

84579532v.1

16.   Plaintiff purports to bring this case as a class action on behalf of "[a]ll individuals who worked for Defendant and/or at a 7-Eleven location in Washington State as a convenience store employee in a non-managerial and/or non-exempt position, at any time from three years prior to the filing of the Complaint through the date of certification of the class by the Court . . . ." (Compl. at ¶ 16.) (hereinafter the "Class," and putative members, "Employees.")

17.   Plaintiff alleges that, upon information and belief, there are at least 100 current and former employees in the Class (Compl. at ¶ 18.)

18.   Therefore, based on Plaintiff's allegations alone, the number of putative class members exceeds 100 persons (in the Class), as required by 28 U.S.C. section 1332(d)(5)(B).

19.   Notwithstanding Plaintiff's allegations, during the alleged class period (beginning on June 3, 2019), 7-Eleven has employed at least 2,967 non-exempt, non-managerial convenience store employees at its convenience stores in Washington (Tucker Decl., ¶10), and thus the number of putative class members in fact easily exceeds CAFA's 100-person threshold.

**E.   THE AMOUNT IN CONTROVERSY MEETS THE CAFA THRESHOLD**

20.   CAFA requires that the amount in controversy exceed $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). Under CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. 28 U.S.C. § 1332(d)(6). In addition, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)." Senate Judiciary Committee Report, S. Rep. No. 109-14, at 42 (2005). As recently noted by the Ninth Circuit Court of Appeals, the Supreme Court has made clear that "no antiremoval presumption attends cases invoking CAFA." *Arias v. Residence Inn by Marriot*, 936 F.3d 920, 922 (9th Cir. 2019). Moreover, any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. *Id*. at 42-43 ("[I]f a

NOTICE OF REMOVAL - 5

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue, Ste. 3000
Seattle, WA 98104
(206) 946-4910

84579532v.1

federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case…Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions.  Its provision should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant").

21. While 7-Eleven specifically denies liability as to all of Plaintiff's claims, and specifically denies the appropriateness of the case proceeding as a class action, 7-Eleven has a reasonable, good faith belief that the amount in controversy, as alleged and pled by Plaintiff, exceeds $5,000,000.  All calculations in support of the amount in controversy analysis are based on the allegations in Plaintiff's Complaint and are not intended as an admission that any of those allegations have merit.

22. Where, as here, damages are not specified in the state court complaint, the defendant's notice of removal "need not contain evidentiary submissions," but "only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 135 S. Ct. 547, 554 (2014) (citing 28 U.S.C. § 1446(a)).  Because Plaintiff has not alleged his particular damages, reasonable estimates of the alleged amount in controversy are appropriate. *Arias*, 936 F.3d at 925 ("a removing defendant is permitted to rely on 'a chain of reasoning that includes assumptions'"; for example, an assumption "may be reasonable if it is founded on the allegations of the complaint") (quoting *Ibarra v. Manheim Inv.'s, Inc.*, 775 F.3d 1193, 1198 (9th Cir. 2015)).

23. In determining the amount in controversy, the Court must consider the recovery sought, including penalties, as well as recoverable statutory attorneys' fees. *Arias*, 936 F.3d at 927 (confirming "attorneys' fees awarded under fee-shifting statutes … are included in the amount in controversy") (quoting *Fritz v. Swift Transp. Co. of Ariz., LLC*, 899 F. 3d 785, 794 (9th Cir. 2018)); *see also Longmire v. HMS Host USA, Inc.*, 2012 WL 5928485, at *9 (S.D. Cal.

NOTICE OF REMOVAL - 6

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue, Ste. 3000
Seattle, WA 98104
(206) 946-4910

84579532v.1

Nov. 26, 2012) ("[C]ourts may take into account reasonable estimates of attorneys' fees likely to be incurred when analyzing disputes over the amount in controversy under CAFA."); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (finding that claims for statutory attorneys' fees should be included in amount in controversy, regardless of whether award is discretionary or mandatory). The burden of establishing the jurisdictional threshold "is not daunting, as courts recognize that under this standard, a removing defendant is not obligated to research, state, and prove the plaintiff's claims for damages." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (internal quotations omitted); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("[T]he parties need not predict the trier of fact's eventual award with one hundred percent accuracy."). The amount in controversy is determined at the time of removal and is to be decided based on the allegations in the operative pleading. *Medrano v. Genco Supply Chain Solutions*, 2011 WL 92016, at *11 (E.D. Cal. 2011) (holding that, for purposes of removal, a court "must deal with what has actually been pled").

24. Plaintiff earned a base hourly rate of $15.50 throughout her employment. (Tucker Decl. at ¶ 9.)

25. The alleged amount in controversy in this action, in the aggregate, exceeds $5,000,000. Plaintiff's Complaint seeks relief on behalf of all current and former non-exempt, non-managerial convenience store employees of 7-Eleven in Washington between June 3, 2019 and the present. (Compl. at ¶¶ 19-20.)

26. Defendant's payroll, employment, and operational data for the putative class members comprised of its Washington-based, non-exempt non-managerial convenience store employees from June 3, 2019 to the present (the "Employees"), was analyzed and used to determine the CAFA amount in controversy for purposes of this Notice of Removal. Based on that analysis, that voluminous data can be summarized as follows for the three-year limitations period in question:

    a) There are a total of 2967 Employees (Tucker Decl. ¶ 10);

NOTICE OF REMOVAL - 7

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue, Ste. 3000
Seattle, WA 98104
(206) 946-4910

84579532v.1

    b)    The Employees had an average effective hourly rate in excess of **$15.13** per hour (*Id.* at ¶ 12);

    c)    For the time period of June 3, 2019 through June 29, 2022, the Employees worked 66,832 workweeks. (*Id.* at 13.)

    d)    Based on the workforce composition (approximately 50% full-time, and 50% part-time), it is a conservative estimate to presume that four full shifts were worked by each Employee per week. (*Id.* at ¶¶ 16-17.) Thus, 66,832 workweeks translates to **267,328** relevant shifts at issue. (*Id.*)

27.    **Alleged Unpaid Meal Period Breaks:** Plaintiff alleges that Defendant "failed to regularly provide Plaintiff and Class members with meal periods" under WAC 296-126-092(1), which provides "[e]mployees shall be allowed a meal period of at least thirty minutes which commences no less than two hours nor more than five hours from the beginning of the shift. Meal periods shall be on the employer's time when the employee is required by the employer to remain on duty on the premises or at a prescribed work site in the interest of the employer." (Compl. at ¶¶ 27-29.)

28.    Meal and rest period violations are sought as wages under Washington law. *See, e.g., Wingert v. Yellow Freight Sys., Inc.*, 146 Wash. 2d 841, 850, 50 P.3d 256, 261 (2002) (explaining that Wash. Admin. Code § 296-126-092 give rise to a cause of action for unpaid wages); W*ashington State Nurses Ass'n v. Sacred Heart Med. Ctr.*, 175 Wash. 2d 822, 832, 287 P.3d 516, 520 n.1 (2012) (applying *Wingert* and explaining that the IWA and MWA "often work in concert"). Accordingly, if the allegations of the Complaint are true, 7-Eleven would owe the Employees 30 minutes of wages for each meal period violation. Those additional wages would be paid to the putative Class at their <u>overtime rate</u> if the Employee worked more than 40 hours in the workweek. *See Washington State Nurses Ass'n*, 175 Wash. 2d at 833. Many of the Employees worked in excess of 40 hours per workweek during the proposed Class Period, and were appropriately compensated for this time at 1.5x their regular rate of pay. (Tucker Decl. ¶ 12.)

NOTICE OF REMOVAL - 8

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue, Ste. 3000
Seattle, WA 98104
(206) 946-4910

84579532v.1

29. Here, Plaintiff alleges 7-Eleven's "understaffing of its convenience stores and the time pressure nature of Plaintiff and the Class Members' work was such that they could not regularly take statutory meal periods, and they worked for Defendant through their meal periods. Furthermore, Defendant has no policy or practice to schedule meal periods, for Plaintiff or Class Members to record missed meal periods, or to compensate them for missed meal periods." (Compl. at ¶¶14, 29.)

30. Further, Plaintiff alleges that "[a]s a direct and proximate result of Defendant's violations and its willful intent to deprive Plaintiff and members of the Class of compensation owed," including in failing to compensate Plaintiff and the Class for missed meal periods, "Plaintiff and the Members of the Class are entitled to judgment for twice the amount of compensation owed." (Compl. at ¶¶32-33.)

31. Again, Plaintiff has alleged that Defendant has **no** policy of scheduling meal periods nor does it ever compensate for missed meal periods. (Compl. ¶¶ 14, 29.) Likewise, the Complaint alleges that 7-Eleven "failed to provide Plaintiff and Class Members with statutory meal periods between the second and fifth hours of their shifts." (*Id.*) She does not concede or suggest that she, or anyone in the proposed Class, was ever afforded compliant meal periods. Accordingly, it is only appropriate to presume a 100% violation rate in this case. Indeed, in cases alleging failure to provide meal periods, courts frequently assume a 100% violation rate for purposes of determining the amount-in-controversy. *See, e.g., See Duberry v. J. Crew Grp., Inc.*, No. 2:14–cv–08810–SVW–MRW, 2015 WL 4575018, at *6 (C.D. Cal. July 28, 2015); *Mejia v. DHL Express (USA), Inc.*, No. CV 15-890 GHK (JCx), 2015 WL 2452755, at *4 (C.D. Cal. May 21, 2015); *Lopez v. Aerotek, Inc.*, No. SACV 14–00803–(CJGx), 2015 WL 2342558, at *3 (C.D. Cal. May 14, 2015); *Sanchez v. Russell Sigler, Inc.*, No. CV 15–01350–AB (PLAx), 2015 WL 12765359, at *6 (C.D. Cal. Apr. 28, 2015).

32. Accordingly, based on the conservatively estimated 267,328 relevant shifts in the period, worked at an average effective hourly rate of $15.13, this puts **$4,044,672.64** in

NOTICE OF REMOVAL - 9

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue, Ste. 3000
Seattle, WA 98104
(206) 946-4910

84579532v.1

controversy in this action, before even considering the attorneys' fees. More specifically, this is calculated as $15.13 per hour x 267,328 shifts x 0.5 hours per alleged violation x 2.0 for alleged double damages.

33. **Attorneys' Fees:** The Complaint also alleges that Plaintiff and putative class members are entitled to recover attorneys' fees and costs pursuant to RCW 49.46.090(1), RCW 49.48.030, and 49.52.070. (Compl., Prayer for Relief at E.) A reasonable estimate of fees likely to be recovered may be used in calculating the amount in controversy. *Arias*, 936 F.3d at 927 (9th Cir. 2019) (confirming "attorneys' fees awarded under fee-shifting statutes … are included in the amount in controversy") (*quoting Fritz v. Swift Transp. Co. of Ariz., LLC*, 899 F. 3d 785, 794 (9th Cir. 2018)); *see also Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[w]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy").

34. "When including attorneys' fees within the amount-in-controversy for jurisdictional purposes, courts in this circuit consistently use the 25% benchmark rate." *Johnson v. Tractor Supply Co.*, No. 19-cv-0270, 2019 WL 2004436, at *4 (W.D. Wash. May 7, 2019) (quoting *Garcia v. Lifetime Brands, Inc.*, EDCV151924JLSSPX, 2016 WL 81473, at *4 (C.D. Cal. Jan. 7, 2016); *see also Wren v. RGIS Inventory Specialists*, 2011 U.S. Dist. LEXIS 38667 at *78-84 (N.D. Cal. Apr. 1, 2011) (finding ample support for adjusting the 25% presumptive benchmark upward and found that plaintiffs' request for attorneys' fees in the amount of 42% of the total settlement payment was appropriate and reasonable in the case).

35. Accordingly, an additional **$1,011,168.16** is placed into controversy in this action by virtue of Plaintiff's demand for attorneys' fees using the standard 25% rate.

36. All in, this means that the amount in controversy in this action is estimated at **$5,055,840.80** at the time of this removal alone.

37. These calculations are conservatively estimated based on $15.13 per hour average rate for the Employees. Logic and experience hold that the appropriate rate for the average meal

NOTICE OF REMOVAL - 10

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue, Ste. 3000
Seattle, WA 98104
(206) 946-4910

84579532v.1

period violation, if any, would exceed this $15.13 hourly rate given that some of these alleged violations may have occurred during an overtime period when wages are paid at 1.5x the regular rate of pay. In fact, just *three* meal period violations per workweek would be sufficient to meet the CAFA jurisdictional threshold if two of those violations occurred during overtime periods.[1]

38.     Thus, although 7-Eleven denies Plaintiff's allegations that she or any putative class member is entitled to the relief sought in the Complaint, the total amount in controversy exceeds the $5,000,000 threshold set forth in 28 U.S.C. section 1332(d)(2).

## NOTICE OF REMOVAL

39.     A true and correct copy of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of Washington for the County of Clark, as required under 28 U.S.C. § 1446(d).

40.     In compliance with 28 U.S.C. section 1446(a), Defendant has attached a copy of the state court papers served herein.  *See* **Exhibits A, B, C, and D** (the Complaint, Summons, Notice of Service of Process, and the parties Proposed Order Granting Stipulated Motion To Extend The Deadline For Defendant to Respond to the Complaint, respectively).

41.     By filing this Notice of Removal, Defendant does not waive any defenses available at law, in equity, or otherwise.

## CONCLUSION

42.     Because diversity of citizenship exists, and the amount in controversy well exceeds $5,000,000, this Court has original jurisdiction of this action pursuant to 28 U.S.C. section 1332(d)(2).  Defendant respectfully requests that the above action pending before the Superior Court of the State of Washington for the County of Clark be removed to this Court.

---

[1] The amount in controversy in this scenario would be equivalent to the other scenario contemplated in this Notice that has been determined based on *four* missed meal periods per week. (2 "overtime meal period violations" x 1.5x overtime premium pay) + 1 straight time violation = 4 standard violations.

NOTICE OF REMOVAL - 11

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue, Ste. 3000
Seattle, WA 98104
(206) 946-4910

84579532v.1

1  DATED July 1, 2022.                    SEYFARTH SHAW LLP

3                                          By: */s/ Nicholas A. Gillard-Byers*
                                               Nicholas A. Gillard-Byers, WSBA #45707
4                                              Seyfarth Shaw LLP
                                               999 Third Avenue
5                                              Seattle, WA 98104
                                               Telephone:  206-946-4910
                                               Fax:  206-946-4901
6                                              Email:  ngillard-byers@seyfarth.com

                                          ***Attornes for Defendant 7-Eleven, Inc.***

NOTICE OF REMOVAL - 12

84579532v.1