1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HONORABLE BENJAMIN H. SETTLE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

**TANYA SHANAHAN,** individually and on behalf of all others similarly situated,

Plaintiff,

v.

**7-ELEVEN, INC.**, a Foreign Profit Corporation, and **DOES 1-10**, inclusive,

Defendant.

Case No.: 3:22-cv-05484-BHS-JRC

**PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Date: August 21, 2023
Time: 3:00 p.m.

PLAINTIFF'S MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT – Case No. 3:22-CV-05484-BHS-JRC

ACKERMANN & TILAJEF, P.C.
2602 NORTH PROCTOR STREET, STE. 205
TACOMA, WA 98406
P: (253) 625-7720   F: (253) 276-0081

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TABLE OF CONTENTS**

I.      INTRODUCTION.................................................................................................1

II.     THE NOTICE PROCESS HAS BEEN SUCCESSFULLY COMPLETED .............2

        A.   Dissemination of Class Notice ................................................................. 2

        B.   Motion for Attorneys' Fees, Costs, Expenses and Service Award .................................. 2

        C.   No Objections and Only One Opt-Out........................................................3

        D.   Shifts Worked Challenges .........................................................................3

III.    TERMS OF THE SETTLEMENT.......................................................................3

IV.     THE SETTLEMENT SHOULD BE FINALLY APPROVED .................................4

        A.   The Settlement Satisfies the Requirements of Fed. R. Civ. P. 23.................................... 4

        B.   The Settlement is Fair, Reasonable and Adequate......................................................... 4
             1.  The Parties Engaged in Arm's Length Negotiations.................................................. 5
             2.  Significant Informal Discovery and Investigation.................................................. 6
             3.  Class Counsel's Opinion .................................................................. 6
             4.  The Settlement is Supported by the Class.................................................. 8

V.      STATE AND FEDERAL AGENCIES HAVE BEEN PROVIDED THE NOTICE
        REQUIRED BY THE CLASS ACTION FAIRNESS ACT.......................................9

VI.     CONCLUSION ................................................................................................9

PLAINTIFF'S MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT – Case No. 3:22-CV-05484-BHS-
JRC

ACKERMANN & TILAJEF, P.C.
2602 NORTH PROCTOR STREET, STE. 205
TACOMA, WA 98406
P: (253) 625-7720   F: (253) 276-0081

# **TABLE OF AUTHORITIES**

**CASES**

*Barani v. Wells Fargo,*
   No. 12CV2999-GPC (KSC), 2014 U.S. Dist. LEXIS 49838 (S.D. Cal. Apr. 9, 2014)........... 6

*Hanlon v. Chrysler Corp.,*
   150 F.3d 1011 (9th Cir. 1998) ................................................................................. 5, 6, 8

*Hughes v. Microsoft Corp.,*
   No. C98-1646C, C93-0178C, 2001 U.S. Dist. LEXIS 5976 (W.D. Wash. Mar. 26, 2001) .... 5

*In re Mego Fin. Corp. Sec. Litig.,*
   213 F.3d 454 (9th Cir. 2000) ................................................................................. 8

*In re Mercury Interactive Corp. Sec. Litig.,*
   618 F.3d 988 (9th Cir. 2010). ................................................................................. 2

*Lewis v. Starbucks Corp.,*
   No. 2:07-cv- 00490-MCE, 2008 U.S. Dist. LEXIS 83192 (E.D. Cal. Sept. 11, 2008) ........... 6

*Rannis v. Recchia*, 380 Fed.Appx. 646, 650 (9th Cir. 2010) ........................................................ 2

*Rodriguez v. West Publishing Corp.,*
   Case No. CV-05-3222 R (MCx), 2007 U.S. Dist. LEXIS 74849 (C.D. Cal. Sept. 10, 2007) . 5

*Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994)................................................................. 2

*Staton v. Boeing Co.,*
   327 F. 938 (9th Cir. 2003) ................................................................................. 4, 5

*Williams v. Costco Wholesale Corp.,*
   No. 02cv2003 IEG (AJB), 2010 U.S. Dist. LEXIS 67731 (S.D. Cal. Jul. 7, 2010) ................ 3

**OTHER AUTHORITIES**

Fed. R. Civ. P. 23................................................................................................. 4

ii

PLAINTIFF'S MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT – Case No. 3:22-CV-05484-BHS-
JRC

ACKERMANN & TILAJEF, P.C.
2602 NORTH PROCTOR STREET, STE. 205
TACOMA, WA 98406
P: (253) 625-7720   F: (253) 276-0081

1  **TREATISES**

2  Manual for Complex Litigation (Third) 30.42 (1995) ................................................................. 5

3  *Newberg on Class Actions* § 13.50 (5th ed.) ............................................................................. 6

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT – Case No. 3:22-CV-05484-BHS-
JRC

ACKERMANN & TILAJEF, P.C.
2602 NORTH PROCTOR STREET, STE. 205
TACOMA, WA 98406
P: (253) 625-7720   F: (253) 276-0081

1

## I.    **INTRODUCTION**

2

Plaintiff Tanya Shanahan ("Plaintiff") respectfully moves the Court for a final order

3

approving the Class Action Settlement Agreement ("SA") resolving meal break claims on a class

4

basis for all non-exempt store employees with Defendant 7-Eleven, Inc. ("Defendant" or "7-11").

5

The Settlement created a $1,150,000.00 gross fund, from which Class Counsel's attorneys' fees

6

and costs, the Class Representative Service Award, and the Settlement Administration costs are

7

deducted, to create a Net Settlement Amount of $757,936.79 to be distributed pro rata to

8

participating Class Members. Because only one Class Members opted out of the Settlement, the

9

3,137 participating Settlement Class Members will be paid out of the Net Settlement Amount based

10

on their pro rata shifts actually worked during the Class Period. SA ¶ 7.5.2.

11

Following a comprehensive notice process, including mailing of the Court-approved

12

Notice of Settlement (the "Class Notice") by CPT Group, Inc., the court-appointed settlement

13

administrator to the Class Members*, not a single Class Member has objected to the Settlement,*

14

*and only one Class Member opted out*. See Declaration of William Argueta with Respect to

15

Settlement Administration and Class Notice ("Argueta Decl.) ¶¶ 3-10. The 3,137 participating

16

Class Members will receive their pro-rated share of the Net Settlement Amount of $757,936.79

17

calculated as follows:

18

19

20

21

22

23

24

| | *Amount* |
|---|---|
| **Gross Settlement Amount** | **$1,150,000.00** |
| Attorney's Fees (30% of the GSA) | ($345,000.00) |
| Litigation Costs | ($10,313.21[1]) |
| Plaintiff's Service Award | ($10,000.00) |
| Settlement Administration Costs | ($26,750.00) |
| **Net Settlement Amount** | **$757,936.79** |
| Estimated Average Settlement Share | $241.61 |
| Estimated Maximum Settlement Share | $2,556.73 |

25

The positive reaction of the Class, the complete lack of any objectors and only one opt-out,

26

and the substantial average and maximum settlement shares to paid to Settlement Class Members

27

28

---

[1] The Settlement Agreement contemplates litigation cost reimbursement in the amount of $20,000.00, which was preliminarily approved by the Court and noticed to the Class; however, Class Counsel is only seeking reimbursement for their actual litigation costs incurred. *See* CJA Decl., ¶¶ 25-26; TH Decl., ¶ 11.

PLAINTIFF'S MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT – Case No.
3:22-CV-05484-BHS-JRC

ACKERMANN & TILAJEF, P.C.
2602 NORTH PROCTOR STREET, STE. 205
TACOMA, WA 98406
P: (253) 625-7720   F: (253) 276-0081

1  clearly support the Court's prior finding at Preliminary Approval that the Settlement is fair,

2  adequate, and reasonable. Accordingly, Plaintiff respectfully requests the Court grant final

3  approval of the Settlement.

4  **II.    THE NOTICE PROCESS HAS BEEN SUCCESSFULLY COMPLETED**

5       **A.    Dissemination of Class Notice**

6            In compliance with the Court's Order Granting Plaintiff's Unopposed Motion for

7  Preliminary Approval of Class Action Settlement (the "PA Order') (Dkt. No. 33), April 7, 2023,

8  CPT received data files from Defense Counsel containing the full name, last known address, shifts,

9  and full social security number of all Settlement Class Members. The mailing list contained 3,138

10  Class Members. Argueta Decl., ¶ 5. The Settlement Administrator performed a search for updated

11  addresses; and subsequently, on April 24, 2023, the Settlement Administrator mailed the court-

12  approved Class Notice to 3,138 individuals. *Id.* ¶¶ 6-7.

13            Of the 3,138 Notice Packets mailed to Class Members, 674 were returned. *Id.* ¶ 8. The

14  Settlement Administrator promptly performed an address trace and re-mailed 466 Notice Packets

15  to updated addresses. *Id.* ¶ 9. In the end, 320 notice packets were deemed undeliverable. *Id.* As a

16  result, 89.8% of Class Members received actual notice of the Settlement.[2]

17       **B.    Motion for Attorneys' Fees, Costs, Expenses and Service Award**

18            Following mailing of the Class Notice, Class Members had forty-five (45) days (i.e., until

19  June 8, 2023) to opt-out or object to the Settlement. SA ¶ 1.10. This gave the Class ample

20  opportunity to review and prepare objections to the requested fees, costs, or the Class

21  Representative Service Award. *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 993 (9th

22  Cir. 2010). ***No Class Member objected to the requested attorneys' fees, costs, or Service Award***.

23  Argueta Decl., ¶ 10. Thus, it is inferable that the Class does not oppose these requested allocated

24  amounts.

25  *///*

26

27  [2] Under the rules and law governing class actions, reasonable efforts must be made to reach all class members through
    the notice plan for distribution of the Class Notice, but each individual in the Class need not actually receive the Class
28  Notice (which is often impossible and/or impracticable). *See Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994);
    *Rannis v. Recchia*, 380 Fed.Appx. 646, 650 (9th Cir. 2010).

PLAINTIFF'S MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT – Case No.
3:22-CV-05484-BHS-JRC

ACKERMANN & TILAJEF, P.C.
2602 NORTH PROCTOR STREET, STE. 205
TACOMA, WA 98406
P: (253) 625-7720   F: (253) 276-0081

C.    **No Objections and Only One Opt-Out**

The Notice provided detailed instructions on how to opt out or object and provided a June 8, 2023 deadline to do so. Argueta Decl., Exhibit A. ***Not a single Class Member submitted an objection***. *Id*. ¶ 10. In addition, only one Class Member opted out by the Response Deadline. *Id.* ¶ 10. Such unanimity of approval is also a strong sign that the Settlement terms are fair, reasonable, and adequate. *See Williams v. Costco Wholesale Corp.*, No. 02cv2003 IEG (AJB), 2010 U.S. Dist. LEXIS 67731, at *13 (S.D. Cal. Jul. 7, 2010) ("The absence of any objector strongly supports the fairness, reasonableness, and adequacy of the settlement.").

D.    **Shifts Worked Challenges**

The Notice also provided detailed instructions on how Class Members could challenge the shifts worked data included in Class Notices. One Class Member submitted a valid dispute. Argueta Decl., ¶ 10. The dispute was resolved. *Id.*

III.    **TERMS OF THE SETTLEMENT**

A summary of the Settlement terms are as follows:

A.    **Total Settlement Amount** – Defendant will pay $1,150,000.00 (the "Total Settlement Amount"). After the Court-approved deductions from the Total Settlement Amount, including attorneys' fees (up to $345,000.00), costs ($10,313.21[3]), the Service Award for the Class Representative ($10,000.00), and settlement administration costs ($26,750.00), $757,936.079 (the "Net Settlement Amount") will be available to pay the Settlement Class Members (i.e., the "Individual Settlement Payments"). SA ¶¶ 1.17, 1.20; Argueta Decl., ¶ 11.

B.    **Class Definition and Class Period** – The Court's PA Order defines the Class as "All individuals who worked for Defendant and/or at a corporate owned 7-Eleven location in Washington State as a convenience store employee in a non-managerial and/or non-exempt position at any time from June 3, 2019 through December 31, 2022. (collectively, 'Class Members')." Dkt. No. 33, ¶ 3.

---

[3] The Settlement Agreement actually contemplates litigation cost reimbursement in the amount of up to $20,000.00, which was already preliminarily approved by the Court and noticed to the Class; however, Class Counsel is only seeking reimbursement for their actual litigation costs incurred, which came in under budget. See CJA Decl., ¶¶ 25-26; TH Decl., ¶ 11.

PLAINTIFF'S MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT – Case No.
3:22-CV-05484-BHS-JRC

ACKERMANN & TILAJEF, P.C.
2602 NORTH PROCTOR STREET, STE. 205
TACOMA, WA 98406
P: (253) 625-7720   F: (253) 276-0081

**C.** **Class Member Response Deadlines**: Class Members had 45 days following the mailing of the Class Notices to opt-out of the settlement; object to the settlement; or challenge the shifts that were included in each Notice packet. Dkt. No. 29-1, ¶ 1.10. Since only one Class Member opted out, 3,137 Settlement Class Members are part of the Class and will be bound by any final rulings of the Court (a 99.97% participation rate). As stated above, as of the date of this motion, no Class Members objected, and only one Class Member opted out. Argueta Decl., ¶ 10.

**D.** **Class Counsel's Attorneys' Fees and Costs**: Class Members were notified of Class Counsel's Attorneys' Fees and Costs request in the Class Notice. Argueta Decl., Exhibit A. No Class Members objected to the requested fees and costs. *Id.* ¶ 10.

**E.** **Class Representative Service Award**: Plaintiff's Counsel requested an award of $10,000.00 for the Class Representative for her role in initiating this Action and acting as the Class Representative, for services provided in furtherance of this Action, for the risks undertaken in the event this Action was unsuccessful, and for any stigma she may suffer going forward due to having filed a class action complaint against an employer. No Class Members objected to the requested Service Award. Argueta Decl., ¶ 10.

**F.** **Settlement Administration Costs**: The settlement administrator, CPT Group, Inc., will charge $26,750.00 for administration of the Settlement, which will be paid out of the Total Settlement Amount. SA ¶ 7.2.

## IV.    THE SETTLEMENT SHOULD BE FINALLY APPROVED

### A.    The Settlement Satisfies the Requirements of Fed. R. Civ. P. 23

The requirements of Fed. R. Civ. P. 23 certification, and the reasons why Plaintiff satisfies those requirements, were set forth in detail in Plaintiff's Motion for Preliminary Approval of Class Action Settlement. See Dkt. No. 28, § V(A)-(B). In its Order Granting Preliminary Approval, the Court conditionally granted Fed. R. Civ. P. 23 certification of the class, subject to final approval. Dkt. No. 33, ¶ 3.

### B.    The Settlement is Fair, Reasonable and Adequate

Fed. R. Civ. P. 23(e) provides that the claims of "a class proposed to be certified for purposes of settlement—may be settled . . . only with the Court's approval." Fed. R. Civ. P.

PLAINTIFF'S MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT – Case No.
3:22-CV-05484-BHS-JRC

ACKERMANN & TILAJEF, P.C.
2602 NORTH PROCTOR STREET, STE. 205
TACOMA, WA 98406
P: (253) 625-7720   F: (253) 276-0081

1    23(e)(2) further provides that "If the proposal would bind class members, the court may approve

2    it only after a hearing and only on finding that it is fair, reasonable, and adequate. . . ." Thus, in

3    order to approve a final settlement in a class action, the district court must find that the proposed

4    settlement is fundamentally fair, adequate, and reasonable. *Id.*; *Staton v. Boeing Co.*, 327 F.3d 938,

5    952 (9th Cir. 2003). The court has broad discretion to grant final approval and should do so where

6    the proposed settlement is "fair, adequate, reasonable, and not a product of collusion." *Hanlon v.*

7    *Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

8        "To determine whether a settlement agreement meets these standards, a district court must

9    consider a number of factors, including: 'the strength of plaintiffs' case; the risk, expense,

10   complexity, and likely duration of further litigation; the risk of maintaining class action status

11   throughout the trial; the amount offered in settlement; the extent of discovery completed, and the

12   stage of the proceedings; the experience and views of counsel; the presence of a governmental

13   participant; and the reaction of the class members to the proposed settlement.'" *Staton*, 327 F.3d

14   at 959 (citations omitted).

15       Importantly, there is a presumption of fairness if "(1) the negotiations occurred at arm's

16   length; (2) there was sufficient discovery; (3) the proponents of the settlement are experienced in

17   similar litigation; and (4) only a small fraction of the class objected.'" *Rodriguez v. West*

18   *Publishing Corp.,* Case No. CV-05-3222 R (MCx), 2007 U.S. Dist. LEXIS 74849, at *32-33 (C.D.

19   Cal. Aug. 10, 2007) (citations omitted). *See also Hughes v. Microsoft Corp.,* No. C98-1646C, C93-

20   0178C, 2001 U.S. Dist. LEXIS 5976, at *20 (W.D. Wash. Mar. 26, 2001) ("'A presumption of

21   correctness is said to attach to a class settlement reached in arms-length negotiations between

22   experienced capable counsel after meaningful discovery.'") (quoting Manual for Complex

23   Litigation (Third) § 30.42 (1995)).

24       **1.    The Parties Engaged in Arm's Length Negotiations**

25       The Settlement was a product of intensive, adversarial litigation between the Parties. After

26   an exchange of informal discovery and class data and contested but productive settlement

27   discussions between Counsel for the Parties aided by a highly-respected employment law

28   mediator, Nancy Maisano, the Parties entered into a Settlement Agreement resolving the claims of

PLAINTIFF'S MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT – Case No.
3:22-CV-05484-BHS-JRC

ACKERMANN & TILAJEF, P.C.
2602 NORTH PROCTOR STREET, STE. 205
TACOMA, WA 98406
P: (253) 625-7720  F: (253) 276-0081

1  the putative class. Dkt. No. 29, ¶¶ 16-17. The Settlement Agreement is attached as **Exhibit 1** to

2  the Declaration of Craig J. Ackermann in Support of Plaintiff's Unopposed Motion for Preliminary

3  Approval of the Class Action Settlement ("CJA PAM Decl."). *Id*.

### 2.    Significant Informal Discovery and Investigation

5      The Parties exchanged informal discovery to reasonably assess the merits of their

6  respective positions. In November 2022, Defendant's counsel provided Plaintiff's counsel with a

7  set of responsive documents including, *inter alia*, the "Class List" excel spreadsheet which

8  included the list of Class Members and their start dates in hourly roles, end dates in hourly roles,

9  and total number of days in hourly roles; the "Class Punches" excel spreadsheet which lists the

10  convenience store worked at by each Class Member, along with the Class Members' date and

11  clock-in time, date and clock-out time, and total minutes worked per shift; and extensive time and

12  meal break records for the Class Members between June 3 2019 and July 31, 2022. *Id*. ¶ 16.

13      After Plaintiff's counsel analyzed the documents and data exchanged during informal

14  discovery, and the Parties investigated and evaluated the strengths and weaknesses of the case and

15  participated in settlement discussions aided by an experienced mediator, the class settlement was

16  then reached. Thus, prior to resolve the matter, Plaintiff engaged in substantial informal discovery

17  and obtained "sufficient information to make an informed decision about settlement." *Newberg on*

18  *Class Actions* ("*Newberg*") § 13.50 (5th ed.) (quoting *Barani v. Wells Fargo,* Case No. 12CV2999-

19  GPC (KSC), 2014 U.S. Dist. LEXIS 49838, at * 13 (S.D. Cal. Apr. 9, 2014)). *See also Lewis v.*

20  *Starbucks Corp.,* Case No. 2:07-cv- 00490-MCE, 2008 U.S. Dist. LEXIS 83192, at *17 (E.D. Cal.

21  Sept. 11, 2008) ("[A]pproval of a class action settlement is proper as long as discovery allowed

22  the parties to form a clear view of the strengths and weaknesses of their cases.")

### 3.    Class Counsel's Opinion

24      When assessing the fairness of a proposed settlement, the court must consider the views

25  and experience of counsel. *Hanlon*, 150 F.3d at 1026. It is the view of Class Counsel that the

26  settlement is fair, reasonable, and adequate. The average net recovery under the Settlement is

27  estimated to be $241.61[4] per Settlement Class Member, which is comparable to other meal and/or

28

---

[4] *See* Argueta Decl., ¶ 12.

PLAINTIFF'S MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT – Case No.
3:22-CV-05484-BHS-JRC

ACKERMANN & TILAJEF, P.C.
2602 NORTH PROCTOR STREET, STE. 205
TACOMA, WA 98406
P: (253) 625-7720   F: (253) 276-0081

1   rest period settlements for Washington employees that were previously approved by Washington

2   courts in which Plaintiff's Counsel was class counsel. For example, in *Birnbaum & Delapina v.*

3   *Junk Consulting Services, LLC*, the court granted final approval in a wage-and-hour class action

4   settlement where the average recovery per class member was $194.63. *See* Order and Judgment

5   Granting Final Approval of Class Action Settlement and Attorney's Fees and Costs, Case No. 20-

6   2-00351-4 KNT, Wash. Super. Ct. King County at Kent (Feb. 1, 2021) (Judge Ketu Shah). In

7   addition, in *Young, Jr., v. Safelite Fulfillment, Inc.,* Judge James L. Robart granted final approval

8   to a class of 120 Washington workers alleging unpaid break claims where the average individual

9   class member recovery was $320.83. *See* Order Granting Plaintiff's Motion for Final Approval of

10  Class Action Settlement, Case No. 2:19-cv-01027-JLR, Dkt. #33 (W.D. Wash. Dec. 3, 2020). *See*

11  *also Perez-Hernandez v. Oasis Farms, Inc.*, Order and Final Judgment Granting Final Approval

12  of Class Action Settlement and Attorneys' Fees and Costs, Case No. 17-2-00749-5, Wash. Super.

13  Ct. Benton County (Jan. 12, 2018) (Judge Sam Swanberg) (granting final approval to a class action

14  settlement encompassing unpaid break claims where the average individual class member recovery

15  was $176.37); *Alberto Garcia v. Frosty Ridge Orchards, LL*C, Order Granting Final Approval of

16  Class Action Settlement and Attorneys' Fees and Costs and Judgment, Case No. 17-2-00224-39,

17  Wash. Super. Ct. Yakima County (Jan. 19, 2018) (Judge Michael McCarthy) (granting final

18  approval to a wage-and-hour class action settlement involving unpaid breaks where the average

19  recovery was $263.90); and *Ayala v. Olsen Brothers Ranches, Inc*., Case No. 17-2-01046-1, Wash.

20  Super. Ct. Benton County (July 27, 2018) (unpaid break claim settlement with an average recovery

21  of $215.46 per class member).

22          Further, the settlement in this case represents a significant recovery of approximately 60%

23  of Defendant's estimated maximum exposure for the unpaid meal period claims alleged, exclusive

24  of interest and double damages. This relief is substantial, especially considering the surrounding

25  circumstances, and the results obtained are well within the range of, or better than, wage and hour

26  class settlements that have been found fair and reasonable by other courts. *See In re Omnivision*

27  *Tech., Inc.*, 559 F. Supp. 2d 1036, 1042 (N.D. Cal. 2008) (approving settlement amounting to 9%

28  of estimated total damages); *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir 2009)

- 7 -

PLAINTIFF'S MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT – Case No.
3:22-CV-05484-BHS-JRC

ACKERMANN & TILAJEF, P.C.
2602 NORTH PROCTOR STREET, STE. 205
TACOMA, WA 98406
P: (253) 625-7720   F: (253) 276-0081

1  (approving settlement amounting to 30% of the damages estimated by the class expert); *In re Mego*

2  *Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir 2000) (approving settlement estimated to be

3  worth between 1/6 and 1/2 of the plaintiffs' estimated loss); *Selk v. Pioneers Mem'l Healthcare*

4  *Dist.*, 159 F. Supp. 3d 1164, 1175 (S.D. Cal. 2016) (recognizing that wage and hour settlement

5  was fair and reasonable where "total settlement fund" represented between 26% to 50% of the best

6  possible recovery"); *Winkel v. JH Steak, LLC*, King County Super. Ct. No. 20-2-04853-4 SEA

7  (Oct. 15, 2021) (Hon. Sean P. O'Donnell) (granting final approval to a class action settlement

8  resolving, inter alia, unpaid meal and rest break claims where the settlement amount represented

9  approximately 24% of the maximum estimated damages); *Millican v. Seattle Tennis Club et al.*,

10  King County Super. Ct. No. 20-2-05117-9 SEA (May 14, 2021) (Hon. Michael R. Scott) (granting

11  final approval to a class action settlement resolving unpaid wage claims where the settlement

12  amount represented approximately 31% of the estimated damages).

13      Additionally, the results obtained here are particularly impressive considering the risks

14  Plaintiff faced, including that: (1) Plaintiff's claims may not be certified because Defendant's meal

15  period practices differed between stores, and under different managers and supervisors, and the

16  unique work circumstances of each individual employee differed; (2) Defendant maintained a

17  facially compliant meal period policy, contemplated and discussed in handbooks (and related

18  addenda), manager trainings, workplace posters, awareness forms, and over types of

19  acknowledgements; (3) Defendant never fielded any complaints about missed meal periods; (4)

20  many employees knowingly and voluntarily waived meal periods through meal period waivers

21  and/or admitted that they were able to take them through break acknowledgement documents; and

22  (5) Plaintiff could not prove that Defendant willfully withheld wages because there was a "bona

23  fide dispute" whether such payments are required under Washington law. CJA PAM Decl. (Dkt.

24  No. 29), ¶¶ 21-23.

25          **4.    The Settlement is Supported by the Class**

26      No Class Member has filed an objection and only one opted out of the Class. Argueta Decl.,

27  ¶ 10. This indicates that the overwhelming majority of Class Members favor the Settlement.

28  *Hanlon*, 150 F.3d at 1027 ("[T]he fact that the overwhelming majority of the class willingly

PLAINTIFF'S MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT – Case No.
3:22-CV-05484-BHS-JRC

ACKERMANN & TILAJEF, P.C.
2602 NORTH PROCTOR STREET, STE. 205
TACOMA, WA 98406
P: (253) 625-7720  F: (253) 276-0081

1  approved the offer and stayed in the class presents at least some objective positive commentary as

2  to its fairness."); *see also In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000)

3  (presence of only one opt-out supports district court's approval of settlement).

4  **V.    STATE AND FEDERAL AGENCIES HAVE BEEN PROVIDED THE NOTICE**

5  **REQUIRED BY THE CLASS ACTION FAIRNESS ACT**

6        As required by the Class Action Fairness Act ("CAFA"), notice regarding the settlement

7  has been provided to the appropriate state and federal agencies. Specifically, under CAFA, a

8  defendant is required to submit notice of the settlement to "the appropriate State official of each

9  State in which a class member resides and the appropriate Federal official," including notice of the

10  settlement, notice of any scheduled hearings and information regarding the number of class

11  members and their proportionate share of the settlement. 28 U.S.C. § 1715(a)–(b). CAFA further

12  provides that such notice must be issued at least 90 days prior to an order giving final approval of

13  a proposed settlement. 28 U.S.C. § 1715(b). As such, the Parties ask the Court to conclude that

14  sufficient notice was provided under CAFA, and therefore, that the Court may issue an order

15  granting final approval to the settlement. *Id*.

16  **VI.    CONCLUSION**

17        For the foregoing reasons, Plaintiff, on behalf of herself and the Class, respectfully requests

18  the Court to enter the Proposed Order filed herewith, finally approving the Settlement Agreement,

19  and to enter final judgment in this case.

20

21  Dated:  July 20, 2023                    Respectfully submitted,

22
                                            */s/Craig J. Ackermann*
23                                          ACKERMANN & TILAJEF, P.C.
                                            Craig J. Ackermann, WSBA No. 53330
24                                          Brian Denlinger, WSBA No. 53177
                                            2602 North Proctor Street, Suite 205
25                                          Tacoma, WA 98406
                                            Telephone: (310) 277-0614
26                                          Facsimile: (310) 277-0635
                                            Email: cja@ackermanntilajef.com
27                                          Email: bd@ackermanntilajef.com
28

PLAINTIFF'S MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT – Case No.
3:22-CV-05484-BHS-JRC

ACKERMANN & TILAJEF, P.C.
2602 NORTH PROCTOR STREET, STE. 205
TACOMA, WA 98406
P: (253) 625-7720   F: (253) 276-0081

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICE OF TATIANA HERNANDEZ, P.C.
Tatiana Hernandez, WSBA No. 54446
315 South Beverly Drive, Suite 504
Beverly Hills, CA 90212
Telephone: (213) 909-4248
Facsimile: (310) 388-0639
Email: tatiana@thlawpc.com

PLAINTIFF'S MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT – Case No.
3:22-CV-05484-BHS-JRC

ACKERMANN & TILAJEF, P.C.
2602 NORTH PROCTOR STREET, STE. 205
TACOMA, WA 98406
P: (253) 625-7720   F: (253) 276-0081

## CERTIFICATE OF SERVICE

I, Jaclyn Blackwell, hereby certify and declare under penalty of perjury under the laws of the States of Washington and California that, on the 20th day of July, 2023, I caused to be electronically filed the foregoing Motion for Final Approval of Class Action Settlement and Memorandum of Points and Authorities in Support of Motion; the accompanying Declaration of William Argueta of CPT Group, Inc.; and the [Proposed] Order and Final Judgment, with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the following:

Tatiana Hernandez, Esq.
Law Office of Tatiana Hernandez, P.C.
1180 S Beverly Dr, Ste 610
Los Angeles, CA 90035
Tel: (213) 909-4248
tatiana@thlawpc.com

Alexander Simon, Esq.
Brett Bartlett, Esq.
Seyfarth Shaw LLP
1075 Peachtree St NE, Ste 2500
Atlanta, GA 30309
Tel: (404) 888-1875
asimon@seyfarth.com
bbartlett@seyfarth.com

Nicholas Gillard-Byers, Esq.
Seyfarth Shaw LLP
999 Third Ave, Ste 4700
Seattle, WA 98104
Tel: (206) 946-4997
ngillard-byers@seyfarth.com

I further certify that I mailed a true and correct copy of the foregoing to the following non-CM/ECF participant: N/A

_/s/Jaclyn Blackwell_____
Jaclyn Blackwell
Office Manager
ACKERMANN & TILAJEF, P.C.

PLAINTIFF'S MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT – Case No.
3:22-CV-05484-BHS-JRC

ACKERMANN & TILAJEF, P.C.
2602 NORTH PROCTOR STREET, STE. 205
TACOMA, WA 98406
P: (253) 625-7720  F: (253) 276-0081