HONORABLE BENJAMIN H. SETTLE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TANYA SHANAHAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>7-ELEVEN, INC., a Foreign Profit Corporation, and DOES 1-10, inclusive,<br><br>Defendant. | Case No.: 3:22-cv-05484-BHS-TJRC<br><br>**ORDER AND FINAL JUDGMENT GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date: August 21, 2023<br>Time: 3:00 p.m. |

The Court, having read and considered all of the papers of the Parties and their counsel, including Plaintiff's Motion for Final Approval of Class Action Settlement and Plaintiff's Memorandum of Points and Authorities in Support of Motion for Attorneys' Fees and Costs and Class Representative Service Award, filed on or around July 20, 2023 ("Fees Motion"); having granted preliminary approval on March 8, 2023 ("Preliminary Approval Order"); and good cause appearing, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure ("FRCP"), HEREBY ORDERS, ADJUDGES, AND DECREES AS FOLLOWS:

1. The Court grants final approval of the Settlement based upon the terms set forth in the Parties' Class Action Settlement Agreement ("Settlement Agreement").

2. For settlement purposes only, the Court finds that all elements of Rule 23(a) and (b)(3) have been demonstrated and thus certifies the Class, as defined in the Court's March 8, 2023 Order Granting Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement as follows:

> All individuals who worked for Defendant and/or at a corporate owned 7-Eleven location in Washington State as a convenience store employee in a non-managerial and/or non-exempt position at any time from June 3, 2019 through December 31, 2022 (collectively, "Class Members").

3. The Court hereby finds that the Notice of Settlement, which was mailed to all Class Members as ordered by the Court, fairly and adequately described the terms of the proposed Settlement Agreement. The Court further finds that the Notice of Settlement fairly and adequately described the manner in which Class Members could object to the settlement, and the manner in which Class Members could opt out of the Class; was the best notice practicable under the circumstances; was valid, due and sufficient notice to all Class Members; and complied fully with FRCP Rule 23(e)(1)(B), due process, and all other applicable laws. The Court further finds that a full and fair opportunity has been afforded to Class Members to participate in the proceedings convened to determine whether the proposed Settlement Agreement should be given final approval. Accordingly, the Court hereby determines that, since there was only one requests for exclusion, all 3,137 participating Class Members are bound by this final Order and shall be deemed to have released any claims described in the Settlement Agreement (the "Released Claims").

ORDER AND FINAL JUDGMENT  
GRANTING FINAL APPROVAL  
Case No. 3:22-CV-05484-BHS-JRC

2

ACKERMANN & TILAJEF, P.C.  
2602 N. PROCTOR ST., STE. 205  
TACOMA, WA 98406  
P: (253) 625-7720   F: (253) 276-0081

proceeding

4. The Court finds that the Settlement Agreement is fair, reasonable, and adequate as to the Class, Plaintiff, and Defendant, and is the product of good faith, arm's-length negotiations between the Parties, and further, that the Settlement Agreement is consistent with public policy, and fully complies with all applicable provisions of law. Accordingly, the Court hereby finally and unconditionally approves the Settlement Agreement pursuant to FRCP 23(e)(2), and specifically:

    a. Approves the $1,150,000.00 Total Settlement Amount;

    b. Approves the distribution of the Net Settlement Amount to participating Class Members in the manner specified in and subject to the terms of the Settlement Agreement;

    c. Approves the Class Representative Service Award of $10,000.00 to the Class Representative;

    d. Approves Class Counsel's requested fees award of $345,000.00, which is thirty percent (30%) of the Total Settlement Amount, and is to be paid from the Total Settlement Amount;

    e. Approves Class Counsel's request for reimbursement of litigation expenses of $10,313.21[1] to be paid from the Total Settlement Amount;

    f. Approves payment to CPT Group, Inc., the Settlement Administrator, of Administration Costs in the amount of $26,750.00 to be paid from the Total Settlement Amount; and

    g. Approves and orders that in all other particulars the Settlement Agreement be carried out by the Parties and the Settlement Administrator subject to the terms thereof.

5. The Court orders that, following the Effective Date as defined in the Settlement Agreement, the Parties and the Settlement Administrator shall carry out the following implementation schedule for further actions and proceedings:

*[implementation schedule on following page]*

---

[1] The Settlement Agreement actually contemplates litigation cost reimbursement in the amount of up to $20,000.00, which was already preliminarily approved by the Court and noticed to the Class; however, Class Counsel is only seeking reimbursement for their actual litigation costs incurred. CJA Decl., ¶¶ 25-26; TH Decl., ¶ 11.

ORDER AND FINAL JUDGMENT     3     ACKERMANN & TILAJEF, P.C.
GRANTING FINAL APPROVAL     2602 N. PROCTOR ST., STE. 205
Case No. 3:22-CV-05484-BHS-JRC     TACOMA, WA 98406
    P: (253) 625-7720    F: (253) 276-0081

| | |
|---|---|
| Within 15 days of the Effective Date | Deadline for Defendant to fund the settlement |
| Within 30 calendar days of the Effective Date | Deadline for Settlement Administrator to mail the Individual Settlement Payments to eligible Settlement Class Members; pay the appropriate taxes to the appropriate taxing authorities; make payment of Court approved attorneys' fees and costs to appropriate counsel; and make payment of the Class Representative Payment |
| 180 days after issuance of Settlement checks | Uncashed checks shall be sent by the Settlement Administrator to the State of Washington with the associated name of the Class Member pursuant to Washington's Unclaimed Property Act |

6. This action is hereby dismissed with prejudice; provided, however, that without affecting the finality of this Order, the Court retains exclusive and continuing jurisdiction over the case for purposes of supervising, implementing, interpreting and enforcing this Order and the Settlement Agreement, as may become necessary, until all of the terms of the Settlement Agreement have been fully carried out.

7. Upon the Effective Date, Plaintiff and all participating Class Members shall be and hereby are enjoined from filing, initiating, or continuing to prosecute any actions, claims, complaints, or proceedings with respect to the Released Claims.

8. Based on the court's order granting final approval to the parties' settlement, the Court also hereby ENTERS FINAL JUDGMENT on the Settlement.

**IT IS SO ORDERED.**

Dated: 21 August 2023

_____
HON. BENJAMIN H. SETTLE
UNITED STATES DISTRICT COURT

ORDER AND FINAL JUDGMENT
GRANTING FINAL APPROVAL
Case No. 3:22-CV-05484-BHS-JRC

4

ACKERMANN & TILAJEF, P.C.
2602 N. PROCTOR ST., STE. 205
TACOMA, WA 98406
P: (253) 625-7720   F: (253) 276-0081